```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA                      :
                                              :      OPINION AND ORDER
            - against -                       :
                                              :      S2 95 CR 1091 (SAS)
LEV BRESKIN,                                  :
                                              :
                        Defendant.            :
------------------------------------------------------------X
```

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   BACKGROUND

On February 29, 1996, defendant Lev Breskin was indicted on charges that included wire fraud and money laundering that occurred in 1992. On September 18, 2008, he was sentenced to time served and was ordered to pay restitution in an amount and manner to be determined by the Court at a later date. Defendant was also ordered to forfeit $3,850,328.95 to the United States. Due to his continued cooperation with the Government, the sentence was entered more than eleven years after defendant pled guilty on February 21, 1997. The proposed intervenor, Artem Mirzoyan, was a victim of Breskin's fraud. Mirzoyan is a citizen of Russia and was defrauded by Breskin and his co-defendants of $195,890.22. The total amount of victim loss is approximately $4.7 million.

## II. DISPUTED ISSUES

The issue now before the Court is the entry of the final Order of Restitution. The Government agrees that the only victim now seeking restitution is Artem Mirzoyan. All parties – the Government, defendant, and Mirzoyan – agree that the amount of the restitution should be $195,890.22. There is also no dispute regarding the payment schedule – namely, that defendant shall make payments equal to 10% of his gross monthly earnings for a period of twenty (20) years from the date of entry of the Restitution Order.

The parties disagree, however, on the following issues: (1) whether the amount of restitution should include interest from 1992 onward; (2) whether the amount of restitution should be offset by the $60,000 of restitution paid by co-defendant Alexander Korogodsky, plus any accrued interest on those funds; and (3) wheher the amount of restitution should be offset by the funds, plus accrued interest, forfeited by Breskin to the United States. I shall address each of these issues in turn.

## III. DISCUSSION

### A. Interest

At a hearing held on March 16, 2009, I heard oral argument with respect to several issues regarding the proposed Order of Restitution, including the

question of whether interest should be applied to the award. Because the conduct here occurred prior to the adoption of the Mandatory Victims Restitution Act ("MVRA") in 1996, this Court must consider the factors set forth in the Victim Witness Protection Act ("VWPA") before determining the final terms of the Restitution Order. The VWPA directs a court to consider "the amount of the loss sustained by the victim of the crime, the defendant's ability to pay restitution, and the financial needs and earning ability of the defendants and the defendant's dependents."[1]

Defendant opposes the imposition of interest, arguing that a court may consider a defendant's ability to pay when determining whether to assess interest. The Government does not disagree. However, Mirzoyan argues that "lost interest is 'an aspect of the victim's actual loss which *must be accounted for* in the calculation of restitution in order to effect full compensation.'"[2] While it is true that lost interest is an aspect of any financial loss, the imposition of interest is not mandatory given the factors set forth in the VWPA. The outcome may have been

---

[1] *United States v. Porter*, 90 F.3d 64, 67 (2d Cir. 1996)(citing 18 U.S.C. § 3664(a)).

[2] March 26, 2009 Letter from Kenneth White, Mirzoyan's counsel, to the Court at 3 ("3/26/09 White Ltr.") (quoting *Virgin Islands v. Davis*, 43 F.3d 41, 47 (3rd Cir. 1994) (emphasis in original)).

different had the criminal conduct occurred after the adoption of the MVRA in 1996. Weighing all of the factors cited earlier, I have decided not to impose interest on the amount of restitution ordered. I do so for several reasons. I have considered Breskin's financial condition and his earning power, both of which are dismal. I have also considered his lengthy cooperation with the Government. Finally, the length of time between the date of the crime (1992) and the imposition of the Order of Restitution (2010) is an extraordinary eighteen years. Defendant is not at fault for this long delay. Most of the delay is attributable to his extensive cooperation with the Government, which necessitated repeated requests by the Government for adjournment of the sentencing date. Indeed, as noted above, approximately eleven and a half years elapsed between defendant's plea and the imposition of sentence. In sum, in light of all of these factors, the imposition of interest on the restitution award is not warranted.

### B. Restitution Paid by Korogodsky

Both Breskin and Mirzoyan argue that the amount of restitution to be paid by Breskin should be offset by the amount paid by co-defendant Alexander Korogodsky. The Government agrees but cannot locate the money.[3] This is an

---

[3] *See* April 29, 2009 Letter from Assistant United States Attorneys Amie N. Ely and Sharon C. Levin to the Court ("4/29/09 Gov't Ltr.") at 3-4.

unusual story which requires a recitation of the operative facts. An Order of Restitution was ordered against Alexander Korogodsky before his sentencing, which took place on August 6, 1998. Pursuant to that Order, Korogodsky wrote a check to the United States' Attorneys Office in the amount of $60,000, which resulted in the entry of a Satisfaction of Judgment on March 11, 1999.[4] The Government acknowledges that a copy of the check had been located and a stamp on the back states "Received SDNY Probation July 9 12:34 PM '96."[5] However, according to the Government, the funds were not deposited into any account controlled by either the United States Attorney's Office or the Court.[6] The Government further acknowledges that it has no idea if the check was ever cashed and, if so, what happened to the funds. In a submission to this Court, the Government states that "[i]f these funds are located, we intend to provide them to Mr. Mirzoyan . . . ."[7]

---

[4] *See id.* at 3. Mirzoyan's attorney claims that Korogodsky paid $63,100 on March 11, 1999. *See* 3/26/09 White Ltr. at 3.

[5] 4/29/09 Gov't Ltr. at 3. *See also* 95 CR 1091, Docket Entry 60 dated March 11, 1999, titled "Satisfaction of Judgment #98,1884 as to Alexander Korogodsky Re: [54-1] judgment order in the amount of Amount $63,100; Judgment satisfied on 8/18/98."

[6] *See* 4/29/09 Gov't Ltr. at 3.

[7] *Id.* at 4.

The question, then, is who should bear the consequences of the Government's somewhat cavalier treatment of these misplaced restitution funds. Breskin, who is motivated by self-interest, argues that the obligation to pay restitution falls equally on all defendants and that his obligation should be offset by the amount paid by Korogodsky.[8] Mirzoyan vociferously agrees.[9] The Government denies any malfeasance and, as noted above, simply states its willingness to apply the funds paid by Korogodsky if they can be located.

Defendant and Mirzoyan have the better argument. Korogodsky was ordered to pay restitution and he made the payment as evidenced by the Satisfaction of Judgment. The victims of the fraud were the intended recipients of that restitution. Mirzoyan is the only identified victim – *ergo*, he is entitled to that money. Money does not disappear into thin air. Restitution was ordered to compensate the victims of defendants' fraud. The Government may not dispense with its obligation to disburse restitution funds paid by simply stating that the funds cannot be located. The Government has an obligation to locate the funds

---

[8] *See* May 15, 2009 Letter from Michael Soroka, defendant's counsel, to the Court ("5/15/09 Def. Ltr.") at 2.

[9] *See* 3/26/09 White Ltr. at 3-4 (demanding application of Korogodky's restitution from the Government with interest); May 26, 2009 Letter from Kenneth White to this Court at 2.

and remit them to Mirzoyan. If it turns out that the funds paid by Korogodsky earned interest, that interest should also be paid to Mirzoyan. If, as a result of a mistake or oversight, the funds were never deposited into an interest bearing account, then the Government is not required to pay any interest that would have been earned.

## C. Breskin's Forfeiture

In the Indictment, the Government sought forfeiture from Breskin in the amount of $3,850,328.95. A preliminary Order of Forfeiture was entered against Breskin on May 25, 2000, and a final Order of Forfeiture was entered on May 18, 2001. As a result of this Order, $69,891.61 was seized from a bank account located at Broadway National Bank.[10] While it is true that Breskin owned a home located at 34 Westcott Drive, Old Tappan, New Jersey, which was specifically identified in both the May 14, 1996 post-indictment restraining order and the May 24, 2000 preliminary Order of Forfeiture, it appears that the property was sold in foreclosure at a sheriff's sale in 2000. Any funds realized from that sale most likely reverted to the mortgagee and not to the United States.[11] Thus,

---

[10] Although Breskin had a second bank account at Chase Bank with approximately $5,800, for some unknown reason this bank account was never seized. *See* 4/29/09 Gov't Ltr. at 4.

[11] *See* 4/29/09 Gov't Ltr. at 4 n.1.

Breskin forfeited only $69,891.61 in funds seized from his bank account. On October 23, 2000, thirty thousand dollars ($30,000) of these funds were paid to Robert and Deborah Mitchell, two other victims of Breskin's fraud. The Government has retained the remaining $39,891.61, and now agrees that these funds should be paid to Mirzoyan.[12] Accordingly, these funds, together with any accrued interest, shall be payable to Mirzoyan. Furthermore, if Breskin forfeits any additional funds (identified in the May 16, 2001 Final Order of Forfeiture), such funds shall also be paid to Mirzoyan to satisfy the remaining amount of restitution.

### D. Court Order

Accordingly, the Government is hereby ordered to use any and all means to locate the missing $60,000 presumably paid by Korogodsky – including searching Korogodsky's records, Probation Department records, and the accounts maintained by the Clerk of the Court for the Southern District of New York – to determine whether the check was ever cashed and the funds withdrawn. The Government is further ordered to investigate the circumstances regarding the sale of Breskin's home at 34 Westcott Drive, Old Tappan, New Jersey, including the

---

[12] *See id.* at 3 ("We will apply the approximately $39,000 remaining from the forfeiture . . . to any restitution Your Honor orders from Mr. Mirzoyan . . . which will partially satisfy Breskin's obligatins under the Order.").

foreclosure selling price, the amount of Breskin's outstanding loan(s), to whom owed, and any surplus/deficiency resulting from the foreclosure sale. The Government is further ordered to explain why it did not seize the $5,800.00 in Breskin's account at Chase Bank, what happened to the money, and whether the money can be recovered for restitution. A full report of the Government's investigation into these matters must be made to this Court within thirty (30) days of the date of this Opinion and Order.

## IV. CONCLUSION

The Court is prepared to enter a final Order of Restitution consistent with the rulings contained in this Opinion and Order. This Order will be issued fifteen (15) days after receipt of the Government's report which must be submitted within thirty (30) days of this Opinion and Order.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         February 17, 2010

## - Appearances -

**For the United States:**

Amie N. Ely
Sharon C. Levin
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2214/1060

**For Defendant Lev Breskin:**

Michael Soroka, Esq.
1325 Franklin Avenue, Suite 290
Garden City, NY 11530
(516) 742-2002

**For Intervenor Artem Mirzoyan:**

Kenneth White, Esq.
White & Associates
22817 Ventura Boulevard
Suite 443
Woodland Hills, CA 91364
(818) 730-3540

Kenneth White, Esq.
511 Avenue of the Americas
Suite 572-162
New York, NY 10011
(347) 404-5322